# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IAN STEVEN ROSAS GONZALEZ,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-2421** |
| **v.** | : | |
| | : | |
| **JL JAMISON, as Warden of the** | : | |
| **Philadelphia Federal Detention** | : | |
| **Center,** *et al.*, | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 24th day of April 2026, upon consideration of Petitioner Ian Steven Rosas

Gonzalez', ("Petitioner"), *petition for habeas corpus*, (the "Petition"), (ECF 1), and Respondents'

(the "Government"),[1] answer in opposition, (ECF 5), it is hereby **ORDERED** that, for the reasons

set forth in the footnote, the Petition *for habeas corpus* is **GRANTED**,[2] as follows:

---

[1]      Petitioner has named as Respondents the following individuals in their official capacities, *to wit*: Brian McShane, Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement, ("ICE"); Markwayne Mullin, Secretary, U.S. Department of Homeland Security, ("DHS"); U.S. DHS;  Todd Blanche, Acting U.S. Attorney General; EOIR Executive Office for Immigration Review; and J.L. Jamison, Warden of the Philadelphia Federal Detention Center, ("FDC").  (ECF 1).

[2]      Petitioner is a native and citizen of Mexico who entered the United States without inspection as a minor child in 2011 and since his entry has established deep family and community ties in the United States. (ECF 1 at ¶¶ 3, 57).  On May 10, 2024, while still a minor, Petitioner received two juvenile adjudications; *to wit*: for possession of a weapon and for attempted murder of the first degree.  (*Id.* at ¶ 5).  According to the Government, Petitioner was discharged in December 2024.  (ECF 5 at 4).  Petitioner represents that he has since complied with all conditions imposed by the court and the probation authorities and has had no further contact with the justice system.  (ECF 1 at ¶ 6).

On April 13, 2026, Petitioner was detained by ICE agents, weeks after his eighteenth birthday and while en-route to a check-in requested by his probation officer.  (ECF 1 at ¶¶ 7, 58; ECF 5 at 4).  Prior to this detainment, Petitioner had not previously been subject to immigration enforcement nor had he been placed into immigration proceedings.  (ECF 1 at ¶¶ 4, 59).

By way of the underlying Petition, Petitioner seeks *habeas* relief in the form of immediate release from detention.  Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), and his rights under the Fifth Amendment Due Process Clause of the United States Constitution.  In its response, the Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. 1225(b)(2)(a) and that his detention comports with constitutional due process.  Each is addressed in turn.

Petitioner argues that he is not subject to mandatory detention under any provision of the INA and that he is being detained without any statutory authority. Petitioner further argues that Section 1226(c), in particular, provides no cause for his mandatory detention. In its response, the Government does not address Section 1226(c) but instead reiterates an argument that this Court and others in this district and throughout the country have addressed and rejected. Specifically, the Government argues that because Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that he is lawfully being detained pursuant to 8 U.S.C. § 1225(b)(2).

This Court agrees that Section 1226(c) does not provide cause for mandatory detention for someone in Petitioner's circumstances. Specifically, Section 1226(c) provides for the detention of criminal noncitizens who:

(A)   are inadmissible by reason of having committed any offense covered in section 1182(a)(2) of [the INA];

(B)   are deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of [the INA],

(C)   are deportable under section 1227(a)(2)(A)(i) of [the INA] on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or

(D)   are inadmissible under section 1182(a)(3)(B) of [the INA] or deportable under section 1227(a)(4)(B) of [the INA],

when the [noncitizens] are released, without regard to whether the [noncitizens] are released on parole, supervised release, or probation, and without regard to whether the [noncitizens] may be arrested or imprisoned again for the same offense.

8 U.S.C. 1226(c)(1). Section 1226(c) provides for the mandatory detention of noncitizens who commit certain offenses, none of which include Pennsylvania juvenile adjudications. *See In re H.R.*, 658 Pa. 127, 155 (Pa. 2020) ("[A] juvenile adjudication 'is not a conviction of [a] crime[.]'" (quoting 42 Pa.C.S. 6354(a)) (alteration in original)). Here, Petitioner's only interaction with the criminal justice system was his juvenile adjudication. Accordingly, this Court finds that Section 1226(c) does not provide any basis for his mandatory detention.

As to the Government's position that Section 1225(b)(2)(a) justifies Petitioner's detention, this Court herein incorporates by reference its many rulings on this very issue and again finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). The Court further finds that DHS' present authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a), because he is a noncitizen who entered without inspection. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, a[ noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."). As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA. *See id.*

Petitioner also argues that his detention violates his constitutional due process rights because it was imposed without meaningful access to bond redetermination to determine whether he is a flight risk or danger to others. The Government argues that Petitioner's detention is aligned with its profound interest

1.  The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2.  Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be *immediately* released from the FDC;

3.  The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on April 13, 2026; and

4.  The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on April 25, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

BY THE COURT:
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

to detain undocumented persons during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration. To determine whether Petitioner has been denied due process, the Court applies the *Mathews v. Eldrige* balancing test. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities. Finally, considering the Government's interest, the Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not come close to justifying the current intrusion on Petitioner's rights. On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

In light of the statutory and due process violations, Petitioner seeks his immediate release from custody. Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release.